UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONAH MOORE,

    Plaintiff,

v.                                           Civil Action No. 10-CV-10682

MICHIGAN DEPARTMENT         HON. BERNARD A. FRIEDMAN
OF CORRECTIONS,

    Defendant.
_____/

## **OPINION AND ORDER OF DISMISSAL**

        This is a prisoner's civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff Jonah Moore is a state prisoner currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan. Plaintiff has been allowed to proceed without prepayment of fees. He alleges he has been "tortured" by guards and inmates for 20 years and requests that the court "indict the Michigan Department of Corrections for torturing me."

        The court must read plaintiff's *pro se* pleadings under "less stringent standards than formal pleadings drafted by lawyers," *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or incredible. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Nonetheless, the court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e©; 28 U.S.C. §§ 1915(a) and (e)(2). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton*, 504 U.S. at 31, *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

        Despite the liberal pleading standards applicable to *pro se* plaintiffs, the complaint

in this matter is subject to summary dismissal. Initially, the court notes that plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *Turnboe v. Stegall*, 234 F.3d 1270, at *2 (6th Cir. 2000); *Erdman v. Mich. Dep't of Corr.*, 51 F.3d 271, at *1 (6th Cir. 1995); *Cullens v. Bemis*, 979 F.2d 850, at *1 (6th Cir. 1992); *Adams v. Mich. Dep't of Corr.*, 817 F.2d 756, at *1 (6th Cir. 1987). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002), *citing Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the court concludes that the MDOC is immune from suit.

Additionally, the complaint is subject to dismissal because it consists of conclusory allegations. Such allegations are insufficient to state a claim. *See Jackson v. Madery*, 158 Fed. App'x. 656, 659 (6th Cir. 2005); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

For these reasons, the court concludes that defendant is immune from suit and that the complaint fails to state a claim upon which relief may be granted. Accordingly,

IT IS ORDERED that the complaint is dismissed because it is frivolous and fails to state a claim.

IT IS FURTHER ORDERED that plaintiff may not proceed on appeal *in forma pauperis* because any appeal would not be taken in good faith.

Dated: April 19, 2010  
    Detroit, Michigan

_s/Bernard A. Friedman____  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE